**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEE ATTACHED SUM-200(A)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARGARITA MARTINEZ, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
3/27/2017
bmiller
By Fax

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Palm Springs Courthouse
3255 E Tahquitz Canyon Way, Palm Springs, CA 92262

**CASE NUMBER:**
*(Número del Caso):* **PSC1701646**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hans P. Fleischner, Esq. 74-075 El Paseo, Suite A-15, Palm Desert, CA 92260 (760) 779-9777

DATE: 3/27/2017        Clerk, by  [signature]                    , Deputy
*(Fecha)*              *(Secretario)*                             *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ALLSTATE INSURANCE COMPANY OF CALIFORNIA A CALIFORNIA CORPORATION
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/3/17  1:45 PM

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARGARITA MARTINEZ v. ALLSTATE INSURANCE COMPAN | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ALLSTATE INSURANCE COMPANY OF CALIFORNIA, a California corporation;
ALLSTATE INSURANCE COMPANY, an Illinois Corporation, authorized to do business and actually doing business in California;
and DOES 1-50, inclusive

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

HANS P. FLEISCHNER, SBN 205905
Law Offices of Hans P. Fleischner,
A Professional Corporation
74-075 El Paseo, A-15
Palm Desert, California 92260-4145
Telephone:   (760) 779-9777
Facsimile:   (760) 779-1300

Attorneys for
Plaintiff MARGARITA MARTINEZ, an
individual

**FILED**
Superior Court of California
County of Riverside
3/27/2017
bmiller
By Fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE
## DESERT JUDICIAL DISTRICT: PALM SPRINGS BRANCH

| | |
|---|---|
| MARGARITA MARTINEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY OF CALIFORNIA, a California corporation; ALLSTATE INSURANCE COMPANY, an Illinois Corporation, authorized to do business and actually doing business in California; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. **PSC1701646** <br><br> VERIFIED COMPLAINT FOR: <br><br> 1. BREACH OF CONTRACT <br> 2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <br><br> VERIFICATION OF COMPLAINT |

Plaintiff MARGARITA MARTINEZ, an individual alleges:

### PARTIES
### PLAINTIFF

1.  Plaintiff MARGARITA MARTINEZ, an individual ("MS. MARTINEZ") is, and at all times herein relevant, was an individual, residing within the State of California, in the County of Imperial.

LAW OFFICES OF HANS P.
FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 EL PASEO, A-15
PALM DESERT, CALIFORNIA 92260-4145
(760) 779-9777

Page 1 of 10
COMPLAINT

## DEFENDANTS

2. Defendant ALLSTATE INSURANCE COMPANY OF CALIFORNIA, a California corporation, ("AIC-CA") is, and at all times relevant was, is, and at all times relevant was, a corporation organized and existing under the laws of the State of California and authorized to do business in and actually doing business in State of California in the issuance of residential insurance policies. Defendant AIC-CA is both directly and vicariously liable for the actions of its employees, as alleged herein.

3. Defendant ALLSTATE INSURANCE COMPANY, an Illinois Corporation, authorized to do business and actually doing business in California ("AIC-IL") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Illinois and authorized to do business in and actually doing business in State of California in the issuance of residential insurance policies. Defendant AIC-IL is both directly and vicariously liable for the actions of its employees, as alleged herein.

## DOES

4. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants sued herein as DOES 1 through 20, inclusive, are unknown to MS. MARTINEZ, who therefore sues said defendants by such fictitious names. MS. MARTINEZ will amend this Complaint once the identity and capacity of said fictitiously named defendants has been determined to so state names and capacities together with proper charging allegations. MS. MARTINEZ is further informed and believes, and on such information and belief alleges, that each of the fictitiously named defendants designated herein as DOE is, by its conduct, legally responsible in some manner for the actions herein alleged, and that MS. MARTINEZ's damages were proximately caused by their conduct.

5. Plaintiff MS. MARTINEZ is further informed and believes, and on such information and belief alleges, that at all times herein mentioned and material hereto, some or all of said defendants were the officers, directors, principals, agents, servants, employees and/or authorized representatives of some or each and every other defendant, and each of them; and that,

LAW OFFICES OF HANS P.
FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 EL PASEO, A-13,
PALM DESERT, CALIFORNIA 92260-4345
(760) 779-4777

Page 2 of 10

COMPLAINT

in doing the actions herein alleged or in not doing those acts herein alleged not to have been performed by omission, said defendants were acting within the course and scope of such agency and/or authority.

## VENUE

6. Venue is proper in the Palm Springs Branch, Desert Judicial District, County of Riverside, Superior Court of the State of California because the written agreements that form part the basis of these allegations were, in part, entered into, performed or breached or threatened to be breached in the County of Riverside, State of California, within the Desert Judicial District of Riverside County, California.

## COMMON ALLEGATIONS

7. At all times relevant, Ms. Erika Berk was an agent of defendants AIC-CA and AIC-IL with authority to bind AIC-CA and AIC-IL to contractual obligations, and in doing the acts complained of herein was acting, at all times, in her capacity as agent of AIC-CA and AIC-IL thereby rendering AIC-CA and AIC-IL.

8. At all relevant times, MS. MARTINEZ, as insured, and defendants AIC-CA and/or AIC-IL, as insurers, were parties to that certain insurance policy known as the Allstate Deluxe Homeowners Policy, Account No. 904001310 ("the Deluxe Policy"), which insured MS. MARTINEZ, and her home, being a residential real property located at 1260 Agate St., Calexico, CA 92231 ("the Martinez Home").

9. On or about 10/05/2015, MS. MARTINEZ first discovered visible water damage to walls and floors in the Martinez Home ("the Water Damage").

10. On or about 10/06/2015, MS. MARTINEZ retained the services of A+ Speedy Plumbing and Leak Detection to diagnose the source of the Water Damage. A+ Speedy Plumbing and Leak Detection determined that the leak was caused by a "sudden break" of the shower drain hub cinch nut. A+ Speedy Plumbing and Leak Detection found that the break was so sudden and

LAW OFFICES OF HANS P. FLEISCHNER, A PROFESSIONAL CORPORATION 74-075 EL PASEO, A-15, PALM DESERT, CALIFORNIA 92260-4145 (760) 779-9777

Page 3 of 10

COMPLAINT

recent that it had "caus[ed] no mold or signs of long term leak." This determination and the findings were memorialized in a 10/06/2015 written report prepared by A+ Speedy Plumbing and Leak Detection (**the "Speedy Sudden Failure Report"**).

11. MS. MARTINEZ immediately filed a claim regarding the Water Damage to the Martinez Home under the Deluxe Policy, identified as Claim No. 0386693832 IEB (**"MS. MARTINEZ's Claim"**).

12. On or about 10/08/2015, MS. MARTINEZ retained the services of NS Construction, Inc. (**"NS Construction"**) to provide mitigation of the Water Damage and an estimate for restoration of the Martinez Home to pre-loss condition.

13. NS Construction performed mitigation services, for which it charged a fee of $4,285.91, and estimated that restoration of the Martinez Home to pre-loss condition would cost and additional $8,061.59.

14. MS. MARTINEZ was financially unable to pay for the cost of restoration and was therefore deprived of the full use of the Martinez Home pending satisfaction of her claim by AIC-CA and AIC-IL.

15. By letter dated 10/14/2015, AIC-CA and/or AIC-IL, by and through their agent Erika Berk, denied MS. MARTINEZ's Claim on grounds that "the policy specifically excludes damages that arise from a repeated escape of water from a plumbing fixture..."

16. AIC-CA and/or AIC-IL acted unreasonably when it failed to conduct a full, fair, and thorough investigation of all of the bases of MS. MARTINEZ's Claim.

17. AIC-CA and/or AIC-IL acted without proper cause when it failed to conduct a full, fair, and thorough investigation of all of the bases of MS. MARTINEZ's Claim.

18. When investigating MS. MARTINEZ's Claim, AIC-CA and/or AIC-IL had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

19. Prior to 10/14/2015, AIC-CA and/or AIC-IL was in possession of a copy of the Speedy Sudden Failure Report.

20. The 10/14/2015 denial of coverage was in bad faith because it was made under the auspices of "repeated escape of water" when AIC-CA and/or AIC-IL then knew the true fact

LAW OFFICES OF HANS P. FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 El Paseo, A-15,
PALM DESERT, CALIFORNIA 92260-4145
(760) 779-4777

Page 4 of 10

COMPLAINT

that the failure was sudden and recent, and therefore covered by the very provisions of the Deluxe Policy cited in the 10/14/2015 denial.

21. Defendants ignored evidence which supported coverage.

22. In ignoring evidence which supported coverage, defendants acted unreasonably towards MS. MARTINEZ.

23. By letter dated 07/05/2016, MS. MARTINEZ's counsel served on AIC-CA and AIC-IL by and through their agent Erika Berk, a demand letter for coverage of MS. MARTINEZ's Claim, stating, *inter alia*:

> Contrary to the assertion in your 10/14/2015 letter, the plumber that inspected and serviced Ms. Martinez's home found that the water damage resulted from a sudden, catastrophic failure of the drain hub fitting. Consequently, your denial was made in bad faith.

24. By letter dated 07/18/2016, AIC-CA and AIC-IL, by and through their agent Erika Berk, responded to MS. MARTINEZ's counsel's 07/05/2016 demand letter, stating that defendants had "completed a re-evaluation of the facts and information in our claim file" and "will resolve this dispute in favor of our customer" under the Deluxe Policy, but in an amount limited to the invoice for mitigation and restoration estimate produced by NS Construction, minus a $500 deductible.

25. By letter dated 10/04/2016, MS. MARTINEZ's counsel advised AIC-CA and AIC-IL, by and through their agent Erika Berk, that the proposed satisfaction of claim set forth in Ms. Berk's 07/18/2016 letter was insufficient because it did not include compensation for MS. MARTINEZ's loss of full use of the Martinez Home due to the bad faith denial of her claim, nor for the substantial attorney's fees she had incurred to compel defendants to remedy their bad faith denial of her claim.

26. By letter dated 10/04/2016, AIC-CA and AIC-IL, by and through their agent Erika Berk, offered to settle MS. MARTINEZ's claim for $111,847.50.

LAW OFFICES OF HANS P.
FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 EL PASEO, A-15,
PALM DESERT, CALIFORNIA 92260-4145
(760) 779-7777

Page 5 of 10

COMPLAINT

27. The 10/04/2016 letter was not mailed by AIC-CA and/or AIC-IL on that date. The 10/04/2016 AIC-CA and AIC-IL letter was not received by the office of MS. MARTINEZ's counsel until 10/31/2016.

28. By letter transmitted the very same day of receipt, 10/31/2016, by both facsimile and regular mail, MS. MARTINEZ's counsel, on behalf of MS. MARTINEZ, accepted AIC-CA's and/or AIC-IL's offer to settle MS. MARTINEZ's claim for $111,847.50, and provided instructions for remission of a check to be received in trust for MS. MARTINEZ.

29. Through that acceptance, MS. MARTINEZ and AIC-CA and AIC-IL entered into a binding settlement agreement (**"Settlement Agreement"**).

30. By letter dated 01/05/2017, MS. MARTINEZ's counsel advised AIC-CA and AIC-IL, by and through their agent Erika Berk, that neither payment of the amount owing under the Settlement Agreement, nor further correspondence had been received from AIC-CA or AIC-IL.

31. As of the date of filing of the instant Complaint, AIC-CA and AIC-IL have failed and refused to perform their obligations under the Settlement Agreement.

## FIRST CAUSE OF ACTION

**Breach of Contract**

(Against all Defendants)

32. Plaintiff hereby re-alleges by reference the allegations in paragraphs 1 through 31 as though set forth in full.

33. Defendants AIC-CA, AIC-IL, and DOES 1 through 20, inclusive, by and through Erika Berk, an agent with authority to bind defendants contractually, offered to satisfy MS. MARTINEZ's Claim under the Deluxe Policy by paying MS. MARTINEZ $111,847.50.

34. MS. MARTINEZ, by and through her counsel, accepted defendants' offer.

35. In consideration for defendants' promise to satisfy MS. MARTINEZ's Claim, defendants secured the ability to avoid further prosecution of MS. MARTINEZ's Claim.

36. The Settlement Agreement is therefore binding and legally enforceable.

LAW OFFICES OF HANS P.
FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 EL PASEO, A-15,
PALM DESERT, CALIFORNIA 92260-4145
(760) 779-9777

Page 6 of 10

COMPLAINT

37. MS. MARTINEZ has either performed, or been excused from performing by defendants' non-performance, all of her obligations under the Settlement Agreement.

38. Defendants have not paid the $111,847.50 as obligated under the Settlement Agreement.

39. MS. MARTINEZ has been damaged by this failure to pay the agreed settlement in an amount to be determined at trial but in no event less than $111,847.50.

## SECOND CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

(Against All Defendants)

40. Plaintiff hereby re-alleges by reference the allegations in paragraphs 1 through 39 as though set forth in full.

41. There exists, in the Settlement Agreement between defendants, on the one hand, and MS. MARTINEZ, on the other hand, an implied covenant of good faith and fair dealing, obligating each party thereto to act with fairness and good faith towards the other, and prohibiting either party from taking any action, or omitting to act in such a manner as would prevent the other party from realizing the full benefits of their bargain and contract. Said implied covenant further requires each party to refrain from inflicting needless injuries or damages to the other.

42. More specifically, the implied covenant of good faith and fair dealing obligated defendants to timely remit payment they promised in settlement of MS. MARTINEZ's Claim so that she could, among other things, pay for restoration of the full use of the Martinez Home, as well as expenses she incurred compelling defendants to cure their bad faith denial of her claim under the Deluxe Policy.

43. Defendants' failure to perform their contractual obligation under the Settlement Agreement, with knowledge that such failure to perform prevented MS. MARTINEZ's full use of the Martinez Home, was a breach of the implied covenant of good faith and fair dealing.

44. Such failure to perform unfairly interfered with MS. MARTINEZ's rights to receive the benefits of the Settlement Agreement.

LAW OFFICES OF HANS P. FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 El. Paseo, A-15,
Palm Desert, California 92260-4145
(760) 779-9777

Page 7 of 10

COMPLAINT

45. As a direct and proximate result of said breach of the implied covenant by the defendants in failing to timely discharge their contractual obligations in good faith, MS. MARTINEZ has been deprived of the benefit of their bargain set forth in the Settlement Agreement, and has incurred special and general damages, all in an amount to be proven at the time of trial, but in no event less $111,847.50.

46. As a further direct and proximate result of said breach of the implied covenant of good faith and fair dealing, by defendants, and each of them, defendants acted willfully, maliciously, oppressively, egregiously and in complete disregard of MS. MARTINEZ's rights and MS. MARTINEZ is therefore entitled to and does hereby request exemplary and punitive damages in such sums as may be proved at the time of trial, within the jurisdiction of this court, in order to punish and prevent such reprehensible future conduct by defendants.

**WHEREFORE**, plaintiff MARGARITA MARTINEZ, an individual prays for judgment against defendants, and each of them, as follows:

**First Cause of Action:**

1. Legal damages for breach of contract in the amount of $111,847.50 caused by defendant's breach of the Settlement Agreement;
2. Pre-judgment interest pursuant to California Civil Code §3287 at the rate of 10% per year from 10/31/2016 until paid; and
3. Such other and further relief as the Court deems just and proper.

**Second Cause of Action:**

1. Legal damages in the amount of $111,847.50;
2. General damages incurred by plaintiff as a result of the breach of the covenant of good faith and fair dealing in an amount to be proven at the time of trial, but in no event less than the minimum jurisdictional amount for unlimited actions;

LAW OFFICES OF HANS P. FLEISCHNER, A PROFESSIONAL CORPORATION 74-075 El Paseo, A-15. Palm Desert, California 92260-4145 (760) 779-9777

Page 8 of 10

COMPLAINT

3. Pre-judgment interest on plaintiff's special damages of $111,847.50 pursuant to California Civil Code §3287 at the rate of 10% per year from 10/31/2016 until paid.;

4. Pre-judgment interest on plaintiff's general damages pursuant to California Civil Code §3288 in an amount to be proven at trial;

5. Exemplary or punitive damages according to proof;

6. Such other and further relief as the Court deems just and proper.

Dated: 03/24/2017

Law Offices of Hans P. Fleischner,
A Professional Corporation

By: _____
Hans P. Fleischner, Attorneys for Plaintiff
MARGARITA MARTINEZ, an individual

LAW OFFICES OF HANS P. FLEISCHNER,
A PROFESSIONAL CORPORATION
74-075 El Paseo, A-15,
Palm Desert, California 92260-4145
(760) 779-9777

Page 9 of 10

COMPLAINT

# VERIFICATION BY PARTY TO ACTION

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF RIVERSIDE        )

I, MARGARITA MARTINEZ, an individual, am plaintiff in the within action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

03/24/2017            _____ (signature)
                      Margarita Martinez

LAW OFFICES OF HANS P. FLEISCHNER
A PROFESSIONAL CORPORATION
74-075 El Paseo, A-15
Palm Desert, California 92260-4105
(760) 779-9777

Page 10 of 10

COMPLAINT



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
Self-represented parties: http://riverside.courts.ca.gov/selfhelp/self-help.shtml

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
***INFORMATION PACKAGE***
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. \*\*\***

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

<u>Arbitration may be appropriate when the parties</u>:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties</u>:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**<br>☐ **Banning** - 311 E. Ramsey Street, Banning, CA 92220<br>☐ **Hemet** - 880 N. State Street, Hemet, CA 92543<br>☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201<br>☐ **Riverside** - 4050 Main Street, Riverside, CA 92501<br>☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591 | |
| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration  ☐ Other (describe): _____

Proposed date to complete ADR: _____ .

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
|---|---|---|
| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY<br>☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |

☐ Additional signature(s) attached

Page 3 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1B [Rev. 1/1/12]

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION**

03/27/2017 14:13 FAX 760 779 1300 ☒ 0005/0015

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Hans P. Fleischner, Esq. SBN 205905
74-075 El Paseo, Suite A-15
Palm Desert, CA 92260

TELEPHONE NO.: 760-779-9777  FAX NO. (Optional): 760-779-1300
E-MAIL ADDRESS (Optional): hpflaw@gmail.com
ATTORNEY FOR (Name): Plaintiff MARGARITA MARTINEZ

PLAINTIFF/PETITIONER: MARGARITA MARTINEZ, an individual

DEFENDANT/RESPONDENT: ALLSTATE INSURANCE COMPANY OF CALIFORNI

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside
3/27/2017
bmiller
By Fax

CASE NUMBER:
**PSC1701646**

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: _92260_

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 03/27/2017

Hans P. Fleischner, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _[signature]_
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Canyon Way
Palm Springs, CA 92262
www.riverside.courts.ca.gov

## NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES

MARTINEZ VS ALLSTATE

CASE NO. PSC1701646

This case is assigned to the Honorable Judge James T Latting in Department PS1 for all purposes.

The Case Management Conference is scheduled for 09/25/17 at 8:30 in Department PS1.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Date: 03/27/17

Court Executive Officer/Clerk

by: _____

BRYCE D MILLER, Deputy Clerk

cdacmc
7/14/16